## SUMMIT COUNTY OIL CO v KILLIAN etc.

Ohio Appeals, 9th Dist, Summit Co
No 1647. Decided Dec. 20, 1929

Commins, Brouse, Englebeck & McDowell, Akron, for Oil Co.

Sheck, Stevens & Hargreaves, Akron, for Killian.

**WASHBURN, J.**

As we view the evidence, the transaction was not a sale by "description," nor was it a sale of a specific article under its patent or trade name, and the statements made did not purport to be the "salesman's opinion only," but constituted, if not an express warranty, at least an implied warranty that the gasoline sold was reasonably fit for the purpose for which it was sold, and the evidence amply establishes that Killian relied upon such warranty and that said gasoline was not suitable for the purposes for which it was warranted that the loss suffered by Killian was due solely to that fact; and consequently, we find there was no prejudicial error in the rulings of the court on the admission of

evidence or in the charge of the court, unless it be in reference to the question of damages.

The consumption of said mixture in said manufacture covered a period of about the last two-thirds of the month of December, 1926, and the loss occurred by reason of the fact that the manufacture resulted in an abnormal quantity of rubber goods known as "seconds" and "scrap," the latter of which is of very little value; and Killian attempted to prove, as his measure of damages, the manufacturing cost of said seconds and scrap during the period when such gasoline was being used, and when the Summit County Oil Co. had a representative present assisting in directing affairs so as to demonstrate the suitableness of said gasoline.

The court charged the jury that in event the finding was for Killian—

"He is entitled to recover such sum as would fairly compensate him for his loss, and this is to be determined by the cost which he was put to in the manufacture of this rubber goods which proved to be seconds and scrap, in an amount more than would have been seconds and scrap had he not used this rubberline."

In said manufacturing business, even with the most suitable gasoline, there are seconds and some scrap, and the records kept by Killian were not such as made it easy to prove with exactness the abnormal quantity of seconds and scrap manufactured during said period.

Evidence was offered to prove the actual quantity of seconds and scrap manufactured during said period, and then to establish the normal quantity of seconds and scrap manufactured, proof was offered and received showing the quantity of seconds and scrap manufactured under exactly the same circumstances and conditions, except that Standard Oil Co. gasoline was used, for the period of April, May and June of 1927, records not being available for the time immediately before and just after the period in question. Objections were made to the introduction of this evidence and exceptions saved, as well as an exception to the charge of the court on the subject of damages. Before this evidence was offered, there had been evidence introduced, without objection, to the effect that the quantity of seconds and scrap during the period of the use of such gasoline was very much greater than the evidence to which objection was made showed it to be.

We think that the evidence established special circumstances showing proximate damage greater than the difference between the value of the goods at the time of delivery and the value they would have been if they had been as warranted, and that the court did not commit any error to the prejudice of the Summit County Oil Co. in the charge on the measure of damages.

We hold also that under the circumstances shown by the record in this case said evidence was not incompetent because too speculative. As we view the record, the right of Killian to recover was fully and clearly established, and the jury allowed him as damages only the amount which he agreed to pay for the gasoline which he purchased of the Summit Oil Co. and while it is difficult to exactly measure and ascertain said damages, we think the damages allowed are certainly no more than should have been allowed.

Judgment affirmed.

Funk, PJ., and Pardee, J., concur.